Mr. Justice Johnson
delivered the opinion of the court:
Proof of hand-writing must, from its nature, be of that character called probable or presumptive. It does not admit of a positive affirmative or negative ; all that can bo attained are circumstances going to establish the one or the *519 ether. It may on the one hand rise to the highest degree-of moral certainty, and on the other sink so low as scarcely to raise a slight presumption ; and between these extremes, I know of no rule which excludes any circumstances calculated to throw light on the subject; and it is certainly no objection that the circumstance offered is not conclusive on the subject. It is enough if it assist in coming to a conclusion. The best and most usual evidence of hand-writing is that of persons long accustomed to see the party write. It is by this means the character of the writing is fixed in the mind, and forms the best standard by which to determine the identity; but it will not be denied that the judgment would be powerfully assisted by the actual presence of the characters on which the standard was formed, and.it follows that in the absence of better proof, some opinion may be formed by comparing that which is acknowledged to be genuine with that which is disputed ; and feeble as it may be, it is nevertheless a circumstance calculated in some measure to assist the judgment in deducing a conclusion from other parts which are doubtful. In Algernon Sidney’s case, (1 Phillips, 365, 423,) 'evidence even more exceptionable, if its weakness is good ground of objection, was admitted. There, a witness who had only seen him write once, was permitted to speak of his hand-writing ; and surely when the judgment is formed on a single specimen, the actual comparison with the specimen would be a safer test of truth, and would be more safe as a check on the witness, who, in mere matters of opinion, is at least liable to err, and although his .attainder was afterwards reversed, it was not on the ground of the inadmissibility of such evidence, but because the jury were instructed to believe that he wrote the paper attributed to him by comparing it with other papers wrote by him. So in the case of Lord Ferrers vs. Shirley, (1 Phillips, 368,) and Layer’s case, (1 State Trials, 275,) witnesses who had never seen the parties write, were permitted to speak of their hand-writing ; having obtained some knowledge of it by a correspondence witii them.— *520 But it has been urged that the evidence given in this casé is excluded by the rule laid down in the case of Macferson vs. Thoots, (Peake’s N P. C. 20. ) It is impossible to reconcile the application of that rule, to the extent contended for, with the obvious principles of the preceding cases, and I think the rule itself has been misconceived. It does not appear to me to exclude the evidence altogether, but to confine its operation and influence within its legitimate bounds, and has stamped it, with that feeble character which renders it wholly unsafe to act upon. I come therefore to the conclusion that as a circumstance in ■aid of doubtful proof, comparison of hand-writing is admissible, but, per se, is so feeble as to be unsafe to act upon ; and that in the absence of any other proof, it would be inadmissible, because it proved nothing, and that the evidence in this caso was properly admitted. This view of th.; first ground of the motion concludes the Second, and no remarks on it are necessary.
Hunt, for the motion.
Prioleau, contra.
The motion is refused.
Justices Huger, Noil, Gañil and Richardson, concurred.